IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| LYNDA L. MINKE, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:18cv82 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| PAGE COUNTY, VIRGINIA, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) |        United States Magistrate Judge |

Before the Court is Plaintiff's motion to compel ("Motion"). ECF No. 25. The parties briefed the Motion, and on December 19, 2018, the Court held a hearing on the record at which the parties participated by conference call. The Court ruled on the Motion during the hearing, and this Order memorializes and summarizes that ruling.

The discovery dispute arises from Plaintiff Lynda L. Minke's attempts to obtain information about the discussions regarding her employment and the termination thereof held by the Board of Supervisors of Page County, Virginia ("Board") in a closed session on June 20, 2017. Minke issued interrogatories, specifically Interrogatory No. 9, to Defendant Page County, Virginia ("Page County") and deposed Amity Moler, the Page County Administrator, and three members of the Board, Johnny Woodward, Larry Foltz, and David Wiatrowski, on this issue. In responding to Interrogatory No. 9 and during the depositions, Page County objected to the disclosure of the closed-session discussions on two grounds: first, that the discussions are exempt from disclosure under the Virginia Freedom of Information Act ("VFOIA"), Va. Code § 2.2-3700, et seq., and second that they are protected by the attorney-client privilege.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Page County asserts that VFOIA

1

exempts the Board's closed-door discussions from discovery.[1] No court in this District or Circuit has addressed this issue. In an analogous case, the Seventh Circuit Court of Appeals held that an Illinois state statute making unemployment-compensation proceedings confidential did not create a privilege from disclosing those proceedings in federal court litigation when federal law governed. *E.E.O.C. v. Ill. Dept. of Emp't Sec.*, 995 F.2d 106, 107–09 (7th Cir. 1993). The court explained,

> [w]hen state and federal statutes clash, the Supremacy Clause of the Constitution gives the federal statute controlling force. Rule 501 of the Federal Rules of Evidence reinforces this message in the domain of evidentiary privileges. State privileges are honored in federal litigation only when state law supplies the rule of decision. When federal law governs, as it does here, only privileges recognized by the national government matter. Because state law does not apply, Rule 501 tells us to use "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

*Id.* at 107. The court further noted, "[f]ederal common law recognizes many privileges," including traditional ones such as the attorney work-product doctrine. *See id.* at 107 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 397–99 (1981); *see also In re Grand Jury Proceedings*, 772 F.2d 1352, 1355 (4th Cir. 1984) ("The attorney-client privilege as traditionally recognized at common law and as now incorporated in the Federal Rules of Evidence, controls in all federal judicial proceedings"). The court found, however, that a privilege for unemployment-compensation proceedings was not one of them. *Id.* at 107–09.

---

[1] Page County relies on the provision of VFOIA allowing closed meetings under the following circumstances:

> Discussion, consideration, or interviews of prospective candidates for employment; assignment, appointment, promotion, performance, demotion, salaries, disciplining, or resignation of specific public officers, appointees, or employees of any public body; and evaluation of performance of departments or schools of public institutions of higher education where such evaluation will necessarily involve discussion of the performance of specific individuals.

Va. Code § 2.2-3711(A)(1).

Here, Minke has brought a claim for employment discrimination under federal law; thus, under Rule 501, federal law, not the VFOIA, governs. The parties have not identified, and I have not found, any case recognizing a federal common law privilege for local government closed-session discussions of personnel matters. And like the Seventh Circuit, I find that extending the federal common law to cover such a privilege is unwarranted. *See id.* at 108 ("Illinois justifies its privilege as a way to encourage truthful and complete disclosure to state officials. . . . This is far from clear; one could as readily say that people who know that third parties will not examine the evidence have less to fear from telling lies—for the truth is less likely to emerge."). Accordingly, even if VFOIA created an exemption from disclosure, that privilege would not preclude discovery of closed-session discussions sought in federal litigation of a federal law claim.[2]

Page County also asserts the attorney-client privilege as grounds for maintaining the confidentiality of the Board's closed-door discussions. An attorney for Page County was present during the closed session. The attorney's presence alone is not sufficient for the privilege to attach. For communications to be privileged, they must have been by or between the attorney and a member of the Board or an employee of Page County "for the purpose of securing an opinion of the law or legal services *or* for assistance in legal proceedings." *Henson by and Through Mawyer v. Wyeth Labs., Inc.*, 118 F.R.D. 584, 587 (W.D. Va. 1987). Thus, Page County's objection to any statements made by and between Board members or Page County employees and an attorney does not necessarily establish that the attorney-client privilege attaches. Rather, Page County must show that the communications were for the purpose of obtaining legal advice

---

[2] Furthermore, the Court is unable to find anything in the purpose of the VFOIA—to provide public access to government business and records, Va. Code § 2.2-3700(B)—or the language of any particular section of the VFOIA, *see* Va. Code § 2.2-3703.1, that would prohibit an employee from obtaining information about a local government's purported reasons for terminating her employment. This sort of asymmetry of information is especially improper when the employer relies on its discussions during the closed session to support its defense that it had a legitimate business reason for terminating a plaintiff's employment, as Page County has asserted in this case.

3

or for assistance in a legal proceeding. Page County has not established that discussions about Minke's work performance were for legal, as opposed to business, reasons. *See id.* at 587. Thus, the Court cannot find that a blanket attorney-client privilege for all closed-session discussions is proper. Moreover, in asserting a legitimate reason for terminating Minke, Page County identified discussions from the closed-meeting about her work performance and the elimination of her position, *see* Pl.'s Mot. at 14, ECF No. 25 (citing Def.'s EEOC Position Statement), thereby waiving the privilege as to those topics. The Court does not find, however, that the privilege has been waived for all statements made in the closed session. Particular statements by or between the attorney and Board members or Page County employees that have not been disclosed may be privileged if they concern legal advice.

Accordingly, in responding to Interrogatory No. 9, Page County shall produce a privilege log of any attorney-client communications. Additionally, Minke will have another opportunity to depose Moler and the three board members regarding the closed session. Minke's counsel may probe whether the deponent or other participant in the closed session was seeking legal, as opposed to business, advice regarding Minke's employment or whether the discussions concerned assistance in legal proceedings. If the discussions were not for the purpose of obtaining legal advice, Minke's counsel may delve into the specific content of those discussions.

Although the Court disagrees with Page County's objection as to the closed-door discussions, considering the lack of case law on the issue, the Court finds that its objection was substantially justified. Moreover, some of the communications may be privileged. It is lamentable that the parties have to incur the expense of deposing Moler and the three Board members twice regarding the closed-door discussions, but the Court does not find that this or any

4

other circumstance warrants an award of attorney's fees under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

Accordingly, the Motion is granted in part and denied in part. In accordance with this Order, the parties are directed as follows:

1. Within fourteen (14) days, Defendant shall fully respond to Interrogatory No. 9 and provide a log for any claimed attorney-client privileged communications.

2. At a time convenient to the parties, Plaintiff may conduct a second round of depositions of Amity Moler and Board members Johnny Woodward, Larry Foltz, and David Wiatrowski regarding the closed session. The Court encourages the parties to notify the undersigned Magistrate Judge of the date and time for the depositions so that if necessary, I can promptly rule on any privilege objections made during the depositions.

3. Plaintiff's request for attorney's fees is denied.

It is so ORDERED.

ENTERED: January 7, 2019

Joel C. Hoppe
United States Magistrate Judge