CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LYNDA L. MINKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18-cv-82 |
| v. ) | |
| ) | |
| PAGE COUNTY, VIRGINIA, ) | |
| ) | |
| Defendant. ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Page County, Virginia's ("Page County") objections, ECF No. 43, to United States Magistrate Judge, Joel C. Hoppe's order, ECF No. 42, of January 7, 2019, brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. This discovery dispute arises from Plaintiff Lynda L. Minke's motion to compel discovery and obtain information about discussions regarding her employment during a closed-meeting of the Page County Board of Supervisors ("Board") held on June 20, 2017, after which the Board voted to terminate Minke's employment. Minke issued interrogatories, specifically Interrogatory No. 9, to Defendant Page County and deposed Amity Moler, the Page County Administrator, and three members of the Board, Johnny Woodward, Larry Foltz, and David Wiatrowski, on this issue. In responding to Interrogatory No. 9, as well as during depositions, Page County objected to the disclosure of the closed-meeting discussions on two grounds, claiming: (1) the discussions are exempt from disclosure under the Virginia

Freedom of Information Act ("VFOIA"), Va. Code Ann. § 2.2-3700, et seq., and (2) that they are protected by the attorney-client privilege.

On January 7, 2019, Judge Hoppe issued a written opinion and order granting Minke's motion to compel, requiring that (1) depositions be reconvened where Page County had instructed the deponents not to answer questions directed to the substance of the June 20, 2017 closed meeting, (2) that Page County answer Interrogatory No. 9, and (3) that Page County provide a privilege log in connection with its invocation of the attorney-client privilege. In this opinion and order, Judge Hoppe relied on a case from the Seventh Circuit holding that an Illinois state statute making unemployment-compensation proceedings confidential did not create a privilege from disclosing those proceedings in federal court litigation where federal law governed. E.E.O.C. v. Ill. Dept. of Emp't Sec., 995 F.2d 106, 107–09 (7th Cir. 1993). For reasons different than those articulated by Judge Hoppe, the court finds that the VFOIA does not by its terms create a separate privilege allowing Page County to refuse to produce discovery pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. Accordingly, Page County's objection is **OVERRULED**.

I.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. Id. Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision.

Id. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, 2010 WL 5067567, *2 (N.D.W.Va. Dec. 6, 2010) (citing Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

## II.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The objecting party carries the burden of proving that the challenged discovery production should not be permitted." Capital One Bank N.A. v. Hess Kennedy Chartered, LLC, No. 3:08cv147, 2008 U.S. Dist. LEXIS 76385, at *4-5 (E.D. Va. Sept. 30, 2008). Page County asserts that VFOIA creates a "privilege" cognizable under Rule 26(b)(1), and claims that allowing discovery as to the substance of the June 20, 2017 Board meeting would (1) "allow a plaintiff to circumvent this state privilege simply by filing suit in federal court" and (2) "thwart Virginia's statutory scheme . . . ." ECF No. 43, at 1. Page County, however, improperly asserts the VFOIA as a "privilege" in response to Minke's motion to compel. Page County cites no case law considering whether information that might be protected from disclosure under the VFOIA is also privileged in a civil case when requested as part of the discovery process.

3

The VFOIA, unlike other Virginia statutes, does not indicate an intent on the part of the Virginia General Assembly to create an independent privilege of the sort asserted by Page County. Virginia's unemployment compensation statute, Va. Code Ann. § 60.2-100 et seq. (Virginia Unemployment Compensation Act), by contrast, includes a specific provision creating a privilege of the kind Page County urges the court to find in the VFOIA. Va. Code Ann. § 60.2-623(B), in relevant part, states:

> Information furnished the Commission under the provisions of this chapter shall not be published or be open to public inspection, other than to public employees in the performance of their public duties. Neither such information, nor any determination or decision rendered under the provisions of § 60.2-619, 60.2-620 or 60.2-622, shall be used in any judicial or administrative proceeding other than one arising out of the provisions of this title; however, the Commission shall make its records about a claimant available to the Workers' Compensation Commission if it requests such records. The Commission may also, in its discretion, furnish copies of the transcript of hearings to any party.

Va. Code Ann. § 60.2-623(B). Here, the inclusion of the explicit language, "shall not be . . . used in any judicial proceeding other than one arising out of the provisions of this title . . .," explicitly prohibits plaintiffs from using statements submitted to the Virginia Employment Commission ("VEC") in civil actions, such as those involving defamation claims, etc. See Shabazz v. PYA Monarch, LLC, 271 F. Supp. 2d 797, 802–03 (E.D. Va. 2003). Numerous courts interpreting Va. Code Ann. § 60.2-623(B), both state and federal, have recognized the preclusive effect of this statutory language, and refused to consider any statements made in

4

relation to a proceeding before the VEC based on this statute. See Moore v. PYA Monarch, LLC, 238 F. Supp. 2d 724, 728–29 (E.D. Va. 2002) (collecting cases).

In Konjevich v. Washing Sys., Inc., 23 F.3d 401 (4th Cir. 1994), for example, the plaintiff argued that the district court erred by refusing to consider a report submitted by the plaintiff's employer to the VEC. The Fourth Circuit, acknowledging that this report would support the plaintiff's theory of his termination, nonetheless held that Va. Code Ann. § 60.2-623 explicitly "precludes the use of information provided to the Virginia Employment Commission in any judicial or administrative proceeding." Id. In response to the plaintiff's argument that, pursuant to Erie Railroad v. Tompkins, 304 U.S. 64 (1938), the district court should have (1) considered federal procedural law, rather than this Virginia law, and (2) allowed the report to be admitted into evidence, the Fourth Circuit stated that it "does not agree that Erie would permit a federal court to ignore a state statute regarding state administrative policy." Id. Finding no error, the Fourth Circuit affirmed the district court's finding that the report in question was inadmissible. Id.

Here, Page County relies on Va. Code Ann. § 2.2-3711(A)(1), a provision of the VFOIA, which allows for closed meetings during which the public may be denied access under the following circumstances:

> Discussion, consideration, or interviews of prospective candidates for employment; assignment, appointment, promotion, performance, demotion, salaries, disciplining, or resignation of specific public officers, appointees, or employees of any public body; and evaluation of performance of departments or schools of public institutions of higher education where such evaluation will necessarily involve discussion of the performance of specific individuals.

5

Va. Code Ann. § 2.2-3711(A)(1). Nowhere in this provision, or any other provision cited by Page County, is there language along the lines of that found in Va. Code Ann. § 60.2-623(B), discussed supra, evincing an intent by the Virginia General Assembly that meetings closed to the public pursuant to this statute also be protected by an independent "privilege." In other words, the Virginia General Assembly, knowing how to create a "privilege" of the sort posited by Page County, and having specifically done so in no uncertain terms in other statutes, including Va. Code Ann. § 60.2-623(B), did not do so in Va. Code Ann. § 2.2-3711(A). Stated somewhat differently, Va. Code Ann. § 2.2-3711(A)(1) does not contain preclusive language similar to that which the Fourth Circuit recognized as proscribing disclosure of the report submitted to the VEC in Konjevich v. Washing Sys., Inc., 23 F.3d 401 (4th Cir. 1994).

Furthermore, federal courts interpreting state statutes employing similar statutory language to the VFOIA have refused to infer such a privilege for discussions, documents, etc., created in the context of closed meetings where there is no explicit statutory language protecting such material from disclosure in civil litigation. City of Grandview v. Missouri Gas Energy, No. 4:11-CV-00822-BP, 2012 WL 12897093, at *1 (W.D. Mo. Sept. 10, 2012), for example, concerned a suit in which the defendant, through a motion to compel, sought documents and deposition testimony from the plaintiff, a municipal government. The parties disputed whether the Missouri Open Meetings and Records Act, Mo. Ann. Stat. § 610.021(1) (West), also known as the Sunshine Law, created an independent privilege protecting this material from disclosure during civil discovery. Id. The specific Missouri statutory provision in question, titled "Closed meetings and closed records authorized when, exceptions,"

6

allowed the plaintiff (municipal government) to close records to the extent they relate to "[l]egal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and attorneys . . . ." Mo. Ann. Stat. § 610.021(1) (West). Like the Virginia statutory at issue in this case, the Missouri statute also included an analogous provision allowing the government to close employment-related records concerning:

> Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body shall be made available with a record of how each member voted to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice of such decision during the seventy-two-hour period before such decision is made available to the public.

Mo. Ann. Stat. § 610.021(3) (West).

The court in City of Grandview, although only addressing Mo. Ann. Stat. § 610.021(1) (West) specifically, noted that the plaintiff cited no case law considering whether documents and/or testimony that might be protected from disclosure under the Sunshine Law generally could also be privileged in a civil case when requested during discovery. No. 4:11-CV-00822-BP, 2012 WL 12897093, at *1 (W.D. Mo. Sept. 10, 2012). The court noted that the United States Supreme Court has held that "federal open records laws do not create an independent privilege on which the government can rely to withhold documents that are otherwise discoverable in civil litigation." Id. (citing Chamber of Commerce of U.S. v. Legal Aid Soc. of Alameda County, 423 U.S. 1309, 1310–11 (1975) (finding that when the

7

production sought is not pursuant to the Freedom of Information Act but is instead part of a discovery effort, the only claims of privilege are under Fed. R. Civ. P. 26(c) because the Act itself creates no privileges)). The court further noted that although Missouri courts had not directly addressed the issue, at least one court questioned whether the Sunshine Law operated in a civil discovery context. Ultimately, because it was "unclear that the government can use the act as an independent privilege during civil discovery . . . ," the City of Grandview court declined to create such a privilege. Id.

Here too, at a minimum, it is unclear whether the VFOIA creates an independent "privilege" insulating the Board's discussions on June 20, 2017 from disclosure in civil litigation. For that reason alone, the court could find that Judge Hoppe's January 7, 2019 order and opinion are not "clearly erroneous" or "contrary to law." That the Virginia General Assembly created such a "privilege" through explicit language in other statutes, including the Virginia Unemployment Compensation Act, suggests that it did not intend to imbue the VFOIA with a similar privilege to that recognized by the Fourth Circuit in Konjevich. Here, as in City of Grandview, the court cannot, and will not, infer any such privilege. Indeed, none of the cases cited by Page County favor recognition of a privilege under the VFOIA. Having determined that no such privilege is applicable, the court need not reach the issue of waiver. Finally, Page County does not appear to dispute Judge Hoppe's holding regarding its invocation of the attorney-client privilege. For the foregoing reasons, Page County's objections are **OVERRULED**.

An appropriate **ORDER** will be entered.

Entered: 02-23-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge